WK:GK
F. #2019R00187

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ALEXANDER MAYER,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 19-164 (S-1) (BMC)
(T. 18, U.S.C., §§ 2252(a)(2), 2252(a)(4)(B), 2252(b)(1), 2252(b)(2), 2253(a), 2253(b) and 3551 et seq.; T. 21, U.S.C. § 853(p))

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Distribution of Child Pornography)

1. In or about and between January 2019 and April 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALEXANDER MAYER did knowingly and intentionally distribute one or more visual depictions, to wit: the digital image depicted in the computer file 2147483648_-210023.jpg, using a means and facility of interstate and foreign commerce, and which visual depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, the production

of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 3551 et seq.)

COUNT TWO
(Possession of Child Pornography)

2. In or about and between January 2019 and April 2019, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ALEXANDER MAYER did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: videos and images stored on an Acer laptop computer with serial number NXGHJAA008836118997600, an HP laptop computer with serial number CND4242862, a Google Pixel phone with IMEI 358034082607968, and a Motorola Moto phone with IMEI 353307082039910, that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

3. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged herein, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to the following items, all seized from the defendant's residence in Brooklyn, New York, on or about April 4, 2019: (i) one Acer laptop computer (Serial No. NXGHJAA008836118997600); (ii) one HP laptop computer (Serial No. CND4242862); (iii) one Google Pixel cellular telephone (IMEI 358034082607968); and (iv) one Motorola Moto cellular telephone (IMEI 353307082039910).

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

SETH D. DUCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK