

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

HDM:GK
F. #2019R00187

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 7, 2021

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Alexander Mayer
                Criminal Docket No. 19-164 (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in advance of sentencing in the above-referenced case, currently scheduled for January 14, 2021 at 11:45 a.m. On October 23, 2020, the defendant pled guilty pursuant to a plea agreement to Count One of a two-count superseding information, charging distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). For the reasons stated below, the government respectfully submits that a sentence within the United States Sentencing Guidelines (the "Guidelines" or U.S.S.G.") range of 151 to 188 months in custody is reasonable and appropriate in this case.

    I.    Background

      The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR"), to which the government has no objection.

      The Federal Bureau of Investigation ("FBI") began investigating the instant offense in January 2019, when an undercover FBI agent, who posed as a stepfather of a nine-year-old boy, received a message via the Grindr[1] social networking application from a user named "Alex." (Presentence Investigation Report ("PSR") ¶ 4). "Alex" stated, in sum and substance, that he was interested in "younger vids" and incest, and that he typically viewed videos containing such material in Telegram channels that he learned about from friends that

---

[1] Grindr is a social networking mobile application with, among other features, location-based proximity tracking technology and instant messaging capabilities.

he "was pervin with." (Id.) "Alex" further stated that his favorite video was of "a dad and a few boys" ranging in age from "like 5 to 14." (Id.)

The undercover FBI agent provided a phone number to "Alex," after which "Alex" contacted the FBI agent by text message. (PSR ¶ 5). During the exchange, "Alex" stated that he had previously masturbated in front of "a curious 15 year old" and that he had watched "young videos" as recently as the prior week, and was attempting to receive videos from his friends. (Id.) After the FBI agent told "Alex" that he had a nine-year-old stepson, "Alex" responded, in sum and substance, that he wanted to meet in person to further discuss engaging the 9-year-old in sex. (Id.)

On February 11, 2019, "Alex" contacted the FBI agent through his Grindr account to inform the FBI agent that he had received over 100 videos of "some hot porn" of "all kinds" and "all [young]." (PSR ¶ 6). Using Kik Messenger[2] account "alyz679," "Alex" then sent screen shots of his computer containing open computer folders in which a collection of video icons and thumbnails were displayed. (Id.) Some of the thumbnails were large enough to identify and were known to law enforcement agents based on their training and experience to contain videos and images of infants and toddlers classified as child pornography. (Id.)

FBI agents through social media and database searches identified the defendant as the user of Grindr account "Alex" and Kik messenger account "alyz679." (PSR ¶ 7). On April 2, 2019, the Honorable Roanne L. Mann signed a warrant authorizing the search of the defendant's residence. (Id.). On April 4, 2019, after the defendant contacted the undercover FBI agent to invite him to his apartment, FBI agents arrived at the defendant's residence to execute the search warrant. (Id.). During the search, the defendant admitted that he had downloaded, possessed and received child pornography. (Id. ¶ 8).

During the course of the search, FBI agents recovered two laptops and two cellular telephones from the defendant's bedroom. (PSR ¶ 7). One of the laptops when opened immediately revealed a video of child pornography. (Id.). An electronic review of the defendant's devices revealed that they contained approximately 1,100 image and 430 videos containing child pornography. (Id.). Among other things, the images and videos depicted the sexual penetration of infants and toddlers, bestiality and bondage. (Id.). FBI agents also identified communications in which the defendant received and distributed child pornography, including a text message communication where the defendant sent an image with file name 2147483648_-210023.jpg, which depicted an approximately a 10-year-old male lying on his back with his legs spread apart, exposing his anus and genitals.

On April 4, 2019, following the search, the defendant was arrested and arraigned on a criminal complaint before the Honorable Roanne L. Mann. On April 17,

---

[2] Kik Messenger ("Kik") is an instant messaging application designed for use on smartphone devices.

2019, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with two counts of receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). On October 23, 2020, a superseding information was filed charging the defendant with one count of distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). On the same day, the defendant pled guilty before Your Honor to Count One of the superseding information, charging distribution of child pornography, pursuant to a plea agreement.

  II.  Guidelines Calculation

The Probation Department calculated the defendant's applicable Guidelines range as follows:

| | | |
|---|---|---:|
| | Base Offense Level (§ 2G2.2(a)(2)) | 22 |
| Plus: | Material Involves Prepubescent Minor(s) (§ 2G2.2(b)(2)) | +2 |
| Plus: | Defendant engaged in distribution other than distribution described in subdivisions (A) through (E) of § 2G2.2(b)(3) (§§ 2G2.2(b)(3)) | +2 |
| Plus: | Images Involved Infants and Children Being Penetrated, and Material that Portrays Sadistic or Masochistic Conduct or Other Depictions of Violence (§§ 2G2.2(b)(4)(A) and (B)) | +4 |
| Plus: | Use of Computer (§ 2G2.2(b)(6)) | +2 |
| Plus: | Offense Involved 15,000 or More Images (§ 2G2.2(b)(7)(D)) | +5 |
| Less: | Acceptance of Responsibility | -3 |
| Total: | | <u>34</u> |

Because the defendant falls within Criminal History Category is I, the applicable Guidelines range is 151 to 188 months imprisonment. (PSR ¶ 78). The mandatory minimum term of imprisonment is five years. 18 U.S.C. § 2252(b).

### III. Appropriate Sentence

The government respectfully requests that the Court impose a sentence within the Guidelines range. The nature of the offense to which the defendant has pleaded guilty, the need for deterrence, and the defendant's history and characteristics all warrant a significant term of imprisonment in this case. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(B).

Child pornography crimes represent the continuing victimization of the children depicted in these images, which are in essence, crime scene images. Possession of videos and images of abuse, alone, fosters a market for more abuse. See, e.g., United States v. Gouse, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)). "Child pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." United States v. Williams, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," New York v. Ferber, 458 U.S. 747 (1982), and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, Osborne v. Ohio, 495 U.S. 103, 110 (1990).

Here, the defendant was found to be in possession of more than 1,000 child pornography images and more than 400 child pornography videos, including images and videos which depicted the rape and sexual abuse of children, toddlers and infants. The abuse depicted in these files was not borderline, and the defendant was not an ignorant or passive consumer of child pornography. Instead, the evidence shows that the defendant received and distributed these images to others on multiple different cell phone applications.

In light of the of all of these factors, a sentence within the Guidelines range would reflect the seriousness of the defendant's conduct and provide adequate deterrence to others contemplating similar acts. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

IV.     Conclusion

For the foregoing reasons, the government respectfully submits that a sentence of 151 to 188 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

                                      Respectfully submitted,

                                      SETH D. DuCHARME
                                      Acting United States Attorney

                       By:    /s/ Gillian Kassner
                                      Gillian Kassner
                                      Assistant U.S. Attorney
                                      (718) 254-6361

cc:    Clerk of the Court (BMC) (by ECF)
       Gedalia Stern, Esq. (by ECF)
       Susan Necheles, Esq. (by ECF)
       Gregory Giblin, Probation Department (by email)